**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH KON,

Petitioner-Appellee,

v.

MARTIN GAMBOA,

Respondent-Appellant.

No.   21-55430

D.C. No.
8:16-cv-00397-SVW-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 7, 2022
Pasadena, California

Before:  BERZON and WATFORD, Circuit Judges, and WHALEY,[**] District
Judge.

Acting Warden Martin Gamboa ("Warden") appeals the district court's grant

of habeas corpus relief. We have jurisdiction under 28 U.S.C. § 2253(a). We

review de novo a district court's decision to grant or deny a petition for writ of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

habeas corpus. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). "Factual findings and credibility determinations made by the district court in the context of granting or denying the petition are reviewed for clear error." *Id.* We affirm the district court's grant of habeas relief.

1. As found by the district court, Petitioner Kenneth Kon exhausted his claim that he invoked his right to remain silent with the state courts. To exhaust a claim under 28 U.S.C. § 2254(b)(1)(A), a petitioner must "present both the factual and legal basis for the claim to the state court." *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). To do so, the petitioner must "reference specific provisions of the federal constitution or cite to federal case law and . . . provide a statement of the facts that entitle him to relief." *Id.* For the "purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions." *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003). Even though Kon put more emphasis on his alleged right-to-counsel violation, he nonetheless exhausted his right-to-silence claim. He stated the legal theory of his claim—a violation of *Miranda v. Arizona*, 384 U.S. 436 (1966)—and cited to *People v. Neal*, 31 Cal. 4th 63 (2003), a case that concerned the right to remain silent. Next, he asserted the factual basis for his claim by circling the statement on the first page of Exhibit 1 to his state habeas petition "Don't talk, that's all I have to say." This

2

conclusion is bolstered by our holding that pro se petitions are to be liberally construed. *Sanders*, 342 F.3d at 999.

Because we conclude that Kon's right to silence claim was exhausted, we need not address his alternative argument that the Warden waived the exhaustion requirement.

2. This Court's remand order did not confine the district court to reviewing only one of the alleged Fifth Amendment violations. We remanded for the district court to determine "whether [Kon's] statements to the police were admitted in violation of his Fifth Amendment rights under *Miranda*." *Kon v. Sherman*, 802 F. App'x 240, 241 (9th Cir. 2020). The district court properly considered the Warden's argument to limit the scope of remand and did not err by addressing all three purported *Miranda* invocations.

3. The district court did not err by concluding that Kon's statement constituted an unambiguous invocation of the right to remain silent. "[W]e review the district court's factual findings concerning the words a defendant used to invoke his *Miranda* rights for clear error and whether the words actually invoked those rights de novo." *United States v. Rodriguez*, 518 F.3d 1072, 1076 (9th Cir. 2008). If a suspect "indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Miranda*, 384 U.S. at 473–74. To take effect, the invocation must be unambiguous.

3

*Jones v. Harrington*, 829 F.3d 1128, 1137 (9th Cir. 2016). A suspect "need not speak with the discrimination of an Oxford don. . . . The words of the request will be understood as ordinary people would understand them." *Arnold v. Runnels*, 421 F.3d 859, 865 (9th Cir. 2005) (internal quotation marks omitted) (citations omitted). It is not dispositive whether the invocation occurs before or after the suspect receives a *Miranda* advisement. *Id.* (citing *United States v. Bushyhead*, 270 F.3d 905, 912 (9th Cir. 2001)). Kon's statement, "So tired. That's all I have to say. Y'know," constituted an unambiguous invocation of his right to remain silent. *See id.* (nothing more explicit or more technically-worded than "I have nothing to say" is required for a suspect to invoke his right to silence). We affirm the district court's conclusion that Kon invoked his right to remain silent.

**AFFIRMED.**